STATE OF MINNESOTA          **EXHIBIT A**                    DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

                                          case type: consumer FDCPA
Perlita C. Maerina,              Court File No.
            Plaintiff,

vs.

ARS National Services, Inc.,

            Defendant.

---

### SUMMONS

---

THIS SUMMONS IS DIRECTED TO THE ABOVE NAMED DEFENDANT(S)

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiffs Complaint against you [is attached to this summons] [is on file in the office of the court administrator of the above-named court]." Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20\*\* DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: Mitchell R. Hadler, 222 Ninth Street South 1600, Minneapolis MN 55402.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO TIIE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20\*\* days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date:   *18 Apr 14*

Mitchell R. Hadler
Attorney for Plaintiff
MN 39172
222 Ninth Street South 1600
Minneapolis MN  55415-1631
612.414.7361/651.222.4260

2

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                   FOURTH JUDICIAL DISTRICT

---

case type: consumer FDCPA

Perlita C. Maerina,                    Court File No.

      Plaintiff,

vs.

ARS National Services, Inc.

      Defendant.

---

### COMPLAINT

FOR DAMAGES FOR VIOLATION OF U.S. FAIR DEBT COLLECTION PRACTICES ACT;
VIOLATION OF CALIFORNIA FAIR DEBT COLLECTION PRACTICES (ROSENTHAL ACT,)
VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONAL CODE; TELEPHONE
CONSUMER PROTECTION ACT

---

### INTRODUCTION

1.    This Complaint is a claim for damages brought by an individual consumer

against defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* (hereinafter "FDCPA"), the California Rosenthal Act, California Civil

Code, § 1788.10 – 1812.702 (hereinafter "California FDCPA") which prohibit debt

collectors from engaging in abusive, deceptive and unfair practices"; the Telephone

Consumer Protection Act, the Telephone Consumer Protection Act (TCPA) 47 U.S.C.

227 *et seq.*; and the California Business and Professional Code, Cal. Civ. Code §§

17200 *et seq.*

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337,

and supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. § 1367.

3.     Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

4.     Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here; venue is also proper in the district of Minnesota based on the location of Defendant's registered office being located in that district; that Defendant can be sued by Plaintiff in any jurisdiction where Defendant can be found.

PARTIES - PLAINTIFF

5.     Plaintiff Perlita C. Maerina (hereinafter "Plaintiff") is an individual consumer debtor who at all times relevant hereto resided in and continues to reside in the City and County of San Francisco.

DEFENDANT

6.     On information and belief, Plaintiff alleges that Defendant Asset Acceptance, LLC, (hereinafter "Defendant") at all times relevant hereto was a corporation duly organized under the laws of the state of California.

7.     On information and belief, and based on records obtained from the Minnesota Secretary of State on line business services, Defendant has a "home office" located in 201 West Grand Avenue, Escondido, California 92025.

8.     The Defendant has a designated agent for service of process in California listed as Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive STE 150N, Sacramento, California 95833; that the registered agent for service of process in Minnesota is Corporation Service Company, 380 Jackson Street 700, St. Paul, Minnesota 55101.

9.     Defendant is a sophisticated debt collector.

### PLAINTIFF AS "CONSUMER" UNDER THE FDCPA

10.    Plaintiff as a "natural person obligated or allegedly obligated to pay any debt" is a "consumer" as defined by the FDCPA. 15 U.S.C. § 1692a(3).

### PLAINTIFF AS A "DEBTOR" UNDER THE CALIFORNIA FDCPA

11.    Plaintiff is a "natural person" from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person is a "debtor" as defined by the California FDCPA. Cal. Civ. Code § 1788.2(h).

### DEFENDANT AS A "DEBT COLLECTOR" UNDER THE FDCPA

12.    Defendant as a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another" is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

13.    Plaintiff makes the following factual allegations against the Defendant:

13.01 Defendant contacted Plaintiff repeatedly and on a near daily basis, for the sole purpose of collecting a debt at her home telephone; that Defendant called Plaintiff from telephone numbers 415-649-6306, 415-649-6268, 415-649-6332, 415-649-1268, 415-649-6301, 866-529-5884; that the calls initiated by the Defendant were communications with the Plaintiff, the sole purpose of which was to collect a debt.

13.02 While Defendant commenced calling Plaintiff in April of 2013, Defendant did not leave messages on a majority of the calls or otherwise leave the Plaintiff with required contact information relating to the required notice stating that the calls were made by a debt collector in an attempt to collect a debt and that information obtained would be used for that purpose; that said calls continued into at least July of 2013; that on information and belief, Defendant keeps electronic generated records of such telephone calls and Plaintiff intends to obtain telephone calling records of the Defendant through discovery conducted in this case.

13.03. That on several occasions Plaintiff would pick up the telephone receiver to speak with the caller; but that when Plaintiff attempted this, the call would terminate or the caller would hang up the telephone; that on information and belief, and upon discovery to be conducted in this case, Plaintiff asserts that Defendant utilized an automated telephone dialer to collect the debt.

13.04 That on at least two occasions Defendant caller utilized an automated calling device and left a message utilizing what sounded like a pre-recorded voice stating that the call was from defendant, that the call was an attempt to collect a debt, and that Plaintiff should return the call to 800.665.3140 and reference number 26480196.

13.05 That on information and belief, Defendant does not maintain an office in the 415 area code area, and that all calls which appear on caller i.d. with a 415 dialling prefix are, on information and belief, spoof calls.

13.06 That a call with a recorded message made by defendant from 866-529-5884 on May 30, 2013, was overheard by a third party at Plaintiff's residence; Defendant left a recorded message on Plaintiff's telephone answering machine at that time; that the caller made the telephone call from 866-529-5884 and requested that Plaintiff return the call to 866-608-0400, a telephone number belonging to the Defendant; that the caller stated that he was calling from Asset Acceptance and that the call was to collect a debt.

## COUNT 1 – VIOLATION OF THE FDCPA

14. Plaintiff repeats and realleges and incorporates by reference the allegations of

Paragraphs 1 – 13 of this Complaint for each Count setting forth a violation of the

FDCPA, 15 U.S.C. § 1692 et seq.

14.01 **Count 1.01**Violation of 15 U.S.C. § 1692(b) Unauthorized Communication with

Third Parties - Defendant violated 15 USC 1592(b) by communicating with

unauthorized third parties in connection with the collection of a debt by telephone call dated May 30, 2013 overheard by unauthorized third parties and Defendant is liable to Plaintiff therefore.

14.02**Count 1.02**- Violation of 15 U.S.C. § 1692d Conduct Naturally Resulting in Abuse and Harassment – Defendant continuously contacted Plaintiff by telephone without identifying the caller or the purpose of the call on a near daily basis or regular basis, starting april of 2013 and continuing into July of 2013; that said calling continued without abatement for a substantial period of time; that accordingly Defendant violated 15 USC § 1692d by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

14.03**Count 1.03**– Violation of 15 U.S.C. § 1692d(5) placing calls repeatedly with intent to annoy, abuse, harass – Defendant violated 15 U.S.C. § 1692d(5) by repeatedly calling Plaintiff multiple times over a period of weeks and months, mostly without leaving a telephone message and hanging up the call when the Plaintiff attempted to pick up and answer the call, commencing in April of 2013 and continuing at least into July of 2013, sometimes from spoof telephone numbers, all with the intent to annoy, abuse and harass the Plaintiff, in violation of 15 U.S.C. § 1692d(5) and Defendant is liable to Plaintiff therefore.

14.04 **Count 1.04** – Violation of 15 U.S.C. § 1692d(6) placing telephone calls without meaningful disclosure – Between April of 2013 and into at least July of 2013, Defendant violated 15 U.S.C. § 1692d(6) by contacting Plaintiff by telephone without providing meaningful disclosure of the caller's identity on numerous occasions and Defendant is liable to Plaintiff therefore.

14.05 – **Count 1.05** – Violation of 15 USC § 1692g(a) Failure to Timely Validate Debt – Defendant violated 15 USC § 1692g(a) by failing to timely disclose account collection information within five days of initial communication with the Plaintiff in connection

with the collection of a debt to wit: Defendant contacted Plaintiff by telephone on numerous occasions without disclosing the identity of the caller and nature and purpose of the call repeatedly and did not disclose the account collection information and Defendant is liable to Plaintiff therefore.

14.06– **Count 1.06–** Violation of 15 USC § 1692e Use of False, Misleading, Deceptive Means to Collect a Debt - Defendant violated 15 USC § 1692e by utilizing the following deceptive practices: overcharging on the amount due without proper explanation by letter dated May 6, 2013 where extra charges for interest and fees were not itemized and properly calculated and were otherwise unauthorized amounts charged to Plaintiff and Defendant is liable to Plaintiff therefore

14.07– **Count 1.07–** Violation of 15 USC § 1692e(10) Use of False, Misleading, Deceptive Means to Collect a Debt - Defendant violated 15 USC § 1692e(10) by using the deceptive practice of failing to inform Plaintiff in each communication that the Defendant is a Debt Collector and Defendant is liable to Plaintiff therefore

14.08**Count 1.08 –** Violation of 15 USC § 1692e(11) Use of False, Misleading, Deceptive Means to Collect a Debt - Defendant violated 15 USC § 1692e(10) by using the deceptive practice of failing to inform Plaintiff in subsequent communications that the Defendant is a Debt Collector; and defendant is liable to Plaintiff therefore.

COUNT 2 – VIOLATION OF RFDCPA

15.    Plaintiff repeats and realleges and incorporates by reference the allegations of Paragraphs 1 – 14 of this Complaint for each Count setting forth a violation of the RFDCPA, California Civil Code 1788 et seq.

15.01 **Count 2.01 –** Violation § 1788.11(b) Failure to Provide Meaningful Disclosure - Defendant violated RFDCPA § 1788.11(b) by failing to provide meaningful disclosure

of the caller's identity as Defendant would place calls to the Plaintiff and hang up the line when Plaintiff or Plaintiff's answering machine would answer the call.

15.02 **Count 2.02** – Violation of 1788.11(d) Annoying Repeated and Continuous Calls Defendant violated § 1788(d) by repeatedly and continuously calling Plaintiff's telephone, hanging up so as to annoy the Plaintiff.

15.03 **Count 2.03** – Violation of 1788.11(e) Harassment and Unreasonable Calls Defendant violated § 1788.11(e) by repeatedly calling Plaintiff continuously and with such frequency as to be unreasonable constituting harassment.

15.04 **Count 2.04** – Violation of 1788.17 Failing to Comply with FDCPA, 15 USC § 1692 et seq. - Defendant violated § 1788.17 by continuously failing to comply with the statutory requirements of the FDCPA, 15 USC § 1692, et seq.; that remedies under the RFDCPA and cumulative and in addition to those under the FDCPA.  Cal. Civ. Code § 1788.32.

COUNT 3 - VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

16.    Plaintiff repeats and realleges and incorporates by reference the allegations of Paragraphs 1 – 15 of this Complaint.

16.01 **Count 3.01 -** Defendant violated the Telephone Consumer Protection Act by utilizing an automated dialing system to contact Plaintiff at 415-577-0914, a land line resident telephone number and by leaving a pre-recorded voice telephone message on April 25, 2013 and May 30, 2013, all without prior consent of the Plaintiff, and in violation of 47 USC § 227(b)(1)(B); and Defendant is laible to Plaintiff therefore.

PAIN AND SUFFERING

17.    As a result of the above described violations of the Defendant, Plaintiff experienced general damages, including pain and suffering, and Defendant is Liable to

Plaintiff therefore.

## RESPONDEAT SUPERIOR

18.     The actions complained of herein were carried out by Defendant with full authority and approval of the Directors, Officers, employees and agents, all with the willful purpose to engage in unlawful and unauthorized telephone contacts with the Plaintiff. Defendant, at all time relevant hereto, acted through its agents and employees who willfully took the actions complained of herein, said actions being authorized and within the ordinary course and scope of their employment and while pursuing the business objectives of their employer.

## FURTHER DISCOVERY and CLAIMS

19.     That Plaintiff, upon information and belief, alleges that through the discovery process additional instances of violations of the FDCPA and/or other statutes will be revealed, and that Plaintiff reserves the right to amend this complaint upon receipt of discovery responses, including activities that might include and evince a wrongful, malicious and/or reckless disregard for the rights of third persons

## WILLFUL VIOLATION

20.     Defendant, acting through its agents and employees, willfully and knowingly acted in wrongful contravention of the laws and statutes of the United States and the State of Minnesota, causing Plaintiff general damages, pain and suffering in the form of aggravation, insult and stress and distress and embarrassment from harassing activities specified above, and defendant is liable to Plaintiff therefore.

**WHEREFORE**, Plaintiff Perlita C. Maerina prays for Judgment against defendant Asset Acceptance, LLC as follows:

(a)     For Declaratory Relief finding defendant in violation of the FDCPA as set forth in **Count 1**, together with statutory damages in the amount of $1,000.00

Complaint – *Maerina v. ARS*                                                                                      8

pursuant to 15 U.S.C. § 1692k(a)(2)(A) for violation of the FDCPA; Prejudgment interest at the legal rate of interest; and Attorney fees and costs of action pursuant to 15 U.S.C. § 1692k(a)(3);

(b)    For Declaratory Relief finding defendant in violation of the California RFDCPA as set forth in **Count 2**, and in violation of the Consent Decree, together with statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for violation of Cal. Civ. Code § 1788.11(b) of the California FDCPA; and additional statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30(b) for violation of of the California RFDCPA; all together with  Prejudgment interest at the legal rate of interest; and Attorney's fees and costs of action pursuant to Cal. Civ. Code § 1788.30(c);

(d)    For Declaratory relief finding Defendant in violation of the Telephone Consumer Protection Act as set forth in **Count 3,** and for damages in the amount of at least $500.00 and up to  $1500.00 for each call inviolation of 47 U.S.C. § 227(b)(3); Compensatory damages for general pain and suffering;

(e)    For such other and further relief as may be just and proper.

Date  18 April 14

Mitchell R. Hadler
Attorney for Perlita C. Maerina
MN 39172
222 Ninth Street South 1600
Minneapolis, Minnesota 55402
612.414.7361/651.222.4260

ACKNOWLEDGEMENT

The undersigned acknowledges that costs, disbursements, witness fees and attorney fees may be awarded pursuant to Minn. Stat. § 529.211.

Mitchell R. Hadler

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

                                                            case type: consumer FDCPA
Perlita C. Maerina,                           Court File No.
                    Plaintiff,

vs.

ARC National Services Inc.,

                    Defendant.

### AMENDED SUMMONS

THIS SUMMONS IS DIRECTED TO THE ABOVE NAMED DEFENDANT(S)

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiffs Complaint against you [is attached to this summons] [is on file in the office of the court administrator of the above-named court]." Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

**2. YOU MUST REPLY WITHIN 20\*\* DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: Mitchell R. Hadler, 222 Ninth Street South 1600, Minneapolis MN 55402.

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20\*\* days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

1

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date: 19 May 14

Mitchell R. Hadler
Attorney for Plaintiff
MN 39172
222 Ninth Street South 1600
Minneapolis  MN  55402
612.414.7361/651.222.4260

2

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                    FOURTH JUDICIAL DISTRICT

---

case type: consumer FDCPA

Perlita C. Maerina,                    Court File No.

      Plaintiff,

vs.

ARS National Services, Inc.

      Defendant.

---

### FIRST AMENDED COMPLAINT

FOR DAMAGES FOR VIOLATION OF U.S. FAIR DEBT COLLECTION PRACTICES ACT;
VIOLATION OF CALIFORNIA FAIR DEBT COLLECTION PRACTICES (ROSENTHAL ACT,)

---

#### INTRODUCTION

1.    This Complaint is a claim for damages brought by an individual consumer
against defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §
1692, *et seq.* (hereinafter "FDCPA"), the California Rosenthal Act, California Civil
Code, § 1788.10 – 1812.702 (hereinafter "California FDCPA") which prohibit debt
collectors from engaging in abusive, deceptive and unfair practices".

#### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337,
and supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. § 1367.

3.    Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

4.    Venue in this District is proper in that the Defendant transacts business here
and the conduct complained of occurred here; venue is also proper in the district of
Minnesota based on the location of Defendant's registered office being located in that

district;  that Defendant can be sued by Plaintiff in any jurisdiction where Defendant

can be found.

PARTIES - PLAINTIFF

5.     Plaintiff Perlita C. Maerina (hereinafter "Plaintiff") is an individual consumer

debtor who at all times relevant hereto resided in and continues to reside in the City

and County of San Francisco.

DEFENDANT

6.     On information and belief, Plaintiff alleges that Defendant Asset Acceptance,

LLC, (hereinafter "Defendant") at all times relevant hereto was a corporation duly

organized under the laws of the state of California.

7.     On information and belief, and based on records obtained from the Minnesota

Secretary of State on line business services, Defendant has a "home office" located in

201 West Grand Avenue, Escondido, California 92025.

8.     The Defendant has a designated agent for service of process in California listed

as Corporation Service Company which will do business in California as CSC-Lawyers

Incorporating Service, 2710 Gateway Oaks Drive STE 150N, Sacramento, California

95833;  that the registered agent for service of process in Minnesota is Corporation

Service Company, 380 Jackson Street 700, St. Paul, Minnesota 55101.

9.     Defendant is a sophisticated debt collector.

PLAINTIFF AS "CONSUMER" UNDER THE FDCPA

10.     Plaintiff as a "natural person obligated or allegedly obligated

to pay any debt" is a "consumer" as defined by the FDCPA. 15

U.S.C. § 1692a(3).

PLAINTIFF AS A "DEBTOR" UNDER THE CALIFORNIA FDCPA

11.    Plaintiff is a "natural person" from whom a debt collector seeks to collect a

consumer debt which is due and owing or alleged to be due and owing from such

person is a "debtor" as defined by the California FDCPA. Cal. Civ. Code § 1788.2(h).

### DEFENDANT AS A "DEBT COLLECTOR" UNDER THE FDCPA

12.    Defendant as a "person who uses any instrumentality of interstate commerce or

the mails in any business the principal purpose of which is the collection of any debts,

or who regularly collects or attempts to collect, directly or indirectly, debts owed or

asserted to be owed or due another" is a "debt collector" as defined by the FDCPA. 15

U.S.C. § 1692a(6)

### FACTUAL ALLEGATIONS

13.    Plaintiff makes the following factual allegations against the Defendant:

13.01 Defendant contacted Plaintiff repeatedly and on a near daily basis, for the solo
purpose of collecting a debt at her home telephone; that Defendant called Plaintiff
from telephone numbers 415-649-6306, 415-649-6268, 415-649-6332, 415-649-
1268, 415-649-6301, 866-529-5884; that the calls initiated by the Defendant were
communications with the Plaintiff, the sole purpose of which was to collect a debt.

13.02  While Defendant commenced calling Plaintiff in April of 2013, Defendant did
not leave messages on a majority of the calls or otherwise leave the Plaintiff with
required contact information relating to the required notice stating that the calls were
made by a debt collector in an attempt to collect a debt and that information obtained
would be used for that purpose; that said calls continued into at least July of 2013;
that on information and belief, Defendant keeps electronic generated records of such
telephone calls and Plaintiff intends to obtain telephone calling records of the
Defendant through discovery conducted in this case.

13.03. That on several occasions Plaintiff would pick up the telephone receiver to
speak with the caller; but that when Plaintiff attempted this, the call would terminate
or the caller would hang up the telephone, after Plaintiff would attempt conversation
such as "Hello" and "Hello. Who's calling" or "Hello. Who is this?"; that on
information and belief, and upon discovery to be conducted in this case, Plaintiff
asserts that Defendant utilized an automated telephone dialer to collect the debt; that
the Plaintiff did not know the identity of the caller; that the repeated nature of this
activity was akin to a telephone stalker and was intimidating.

13.04 That on at least two occasions Defendant caller utilized an automated calling
device and left a message utilizing what sounded like a pre-recorded voice stating that
the call was from defendant, that the call was an attempt to collect a debt, and that
Plaintiff should return the call to 800.665.3140 and reference number 26480196.

13.05  That on information and belief, Defendant does not maintain an office in the

415 area code area, and that all calls which appear on caller i.d. with a 415 dialling prefix are, on information and belief, spoof calls.

## COUNT 1 – VIOLATION OF THE FDCPA

14.    Plaintiff repeats and realleges and incorporates by reference the allegations of Paragraphs 1 – 13 of this Complaint for each Count setting forth a violation of the FDCPA, 15 U.S.C. § 1692 et seq.

14.01 - **Count 1.01-** Violation of 15 U.S.C. § 1692d Conduct Naturally Resulting in Abuse and Harassment – Defendant continuously contacted Plaintiff by telephone without identifying the caller or the purpose of the call on a near daily basis or regular basis, starting April of 2013 and continuing into July of 2013; that said calling continued without abatement for a substantial period of time; that throughout that period, on several occasions, Plaintiff would pick up the call but the Defendant caller would hang up on the Plaintiff when the call was picked up and Plaintiff attempted to communicate with the caller; that the calling and hanging up on the Plaintiff took place repeatedly; that accordingly Defendant violated 15 USC § 1692d by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

14.02 - **Count 1.02**– Violation of 15 U.S.C. § 1692d(5) placing calls repeatedly with intent to annoy, abuse, harass – Defendant violated 15 U.S.C. § 1692d(5) by repeatedly calling Plaintiff multiple times over a period of weeks and months, mostly without leaving a telephone message and hanging up the call when the Plaintiff attempted to pick up and answer the call and talk to the caller; that this pattern was intimidating and stalker like, in that the call and hang up pattern occurred repeatedly from a local area telephone number unknown to Plaintiff, commencing in April of 2013 and continuing at least into July of 2013, sometimes from spoof telephone numbers, all with the intent to annoy, abuse and harass the Plaintiff, in violation of 15 U.S.C. § 1692d(5) and Defendant is liable to Plaintiff therefore.

First Amended Complaint – *Maerina v. ARS*                                                    4

14.03 - **Count 1.03** – Violation of 15 U.S.C. § 1692d(6) placing telephone calls without meaningful disclosure – Between April of 2013 and into at least July of 2013, Defendant violated 15 U.S.C. § 1692d(6) by contacting Plaintiff by telephone without providing meaningful disclosure of the caller's identity on numerous occasions and Defendant is liable to Plaintiff therefore.

14.04 – **Count 1.04** – Violation of 15 USC § 1692g(a) Failure to Timely Validate Debt – Defendant violated 15 USC § 1692g(a) by failing to timely disclose account collection information within five days of initial communication with the Plaintiff in connection with the collection of a debt to wit: Defendant contacted Plaintiff by telephone on numerous occasions without disclosing the identity of the caller and nature and purpose of the call repeatedly and did not disclose the account collection information; that Plaintiff does not recall receiving identifying literature or a letter by mail from Defendant that was intended to advise Plaintiff of the handling of the debt by Defendant; and Defendant is liable to Plaintiff therefore.

14.05– **Count 1.05**– Potential Violation of  15 USC § 1692e Use of False, Misleading, Deceptive Means to Collect a Debt – On information and belief and upon facts to be established through discovery, Defendant may have violated 15 USC § 1692e by utilizing the following deceptive practices:  failure to explain charges, amounts due and added costs and charges on the amount deemed due and attempted to be collected by Defendant, and Defendant would liable to Plaintiff therefore if this claim is established.

14.06– **Count 1.06**– Violation of 15 USC § 1692e(10) Use of False, Misleading, Deceptive Means to Collect a Debt - Defendant violated 15 USC § 1692e(10) by using the deceptive practice of failing to inform Plaintiff in each communication that the Defendant is a Debt Collector and Defendant is liable to Plaintiff therefore

05/19/2014  04:54    4159285838                    MRHSFCA                              PAGE  09/12

14.07 -**Count 1.07** – Violation of 15 USC § 1692e(11) Use of False, Misleading, Deceptive Means to Collect a Debt - Defendant violated 15 USC § 1692e(10) by using the deceptive practice of failing to inform Plaintiff in the initial and subsequent telephone communications that the Defendant is a Debt Collector; and defendant is liable to Plaintiff therefore.

14.08 – **Count 1.08** - Violation of 15 USC § 1692e(11) Use of False, Misleading, Deceptive Means to Collect a Debt – Defendant violated 15 USC § 1692e(11) by utilizing the deceptive practice of spoof calling, to wit: by utilizing an electronic device to display the local area code of "415" caller i.d. where the caller i.d. showed calls from telephone numbers as set forth in paragraph 13.01 above without identifying the name of the caller in the initial and subsequent telephone calls;

14.09 – **Count 1.09**   Violation of 15 USC § 1692b Unauthorized Communication – Defendant violated 15 USC § 1592b by leaving a message on Plaintiff's telephone answering device where it would likely be heard or may have been heard by third parties, and defendant is liable therefore.

COUNT 2 – VIOLATION OF RFDCPA

15.   Plaintiff repeats and realleges and incorporates by reference the allegations of Paragraphs 1 – 14 of this Complaint for each Count setting forth a violation of the RFDCPA, California Civil Code 1788 et seq.

15.01 **Count 2.01** – Violation § 1788.11(b) Failure to Provide Meaningful Disclosure - Defendant violated RFDCPA § 1788.11(b) by failing to provide meaningful disclosure of the caller's identity as Defendant would place calls to the Plaintiff and hang up the line when Plaintiff or Plaintiff's answering machine would answer the call.

15.02 **Count 2.02** – Violation of 1788.11(d) Annoying Repeated and Continuous Calls Defendant violated § 1788(d) by repeatedly and continuously calling Plaintiff's telephone, hanging up so as to annoy the Plaintiff.

15.03 **Count 2.03** – Violation of 1788.11(e) Harassment and Unreasonable Calls

Defendant violated § 1788.11(e) by repeatedly calling Plaintiff continuously and with

such frequency as to be unreasonable constituting harassment.

15.04 **Count 2.04** – Violation of 1788.17 Failing to Comply with FDCPA, 15 USC §

1692 et seq. - Defendant violated § 1788.17 by continuously failing to comply with

the statutory requirements of the FDCPA, 15 USC § 1692, et seq.; that remedies

under the RFDCPA and cumulative and in addition to those under the FDCPA. Cal. Civ.

Code § 1788.32.

### SPOOFING

16.     Plaintiff repeats and realleges and incorporates by reference the allegations of

Paragraphs 1 – 15 of this Complaint.

16.01 **Count 3.01** - Defendant violated the Telephone Consumer Protection Act by

utilizing an automated dialing system to contact Plaintiff at 415-577-0914, a land

line resident telephone number utilizing spoofing caller i.d. from the 415 area code;

that Defendant does not maintain an office in the area designated as the 415 area

code calling area, and that as such, Defendant has violated 47 USC § 227(e)(1), the

intent of which is to protect Plaintiff from wrongful conduct perpetrated by Defendant

herein.

### PAIN AND SUFFERING

17.     As a result of the above described violations of the Defendant, Plaintiff

experienced general damages, including pain and suffering, and Defendant is Liable to

Plaintiff therefore.

### RESPONDEAT SUPERIOR

18.     The actions complained of herein were carried out by Defendant with full

authority and approval of the Directors, Officers, employees and agents, all with the

willful purpose to engage in unlawful and unauthorized telephone contacts with the

First Amended Complaint – *Maerina v. ARS*                                                7

Plaintiff.  Defendant, at all time relevant hereto, acted through its agents and
employees who willfully took the actions complained of herein, said actions being
authorized and within the ordinary course and scope of their employment and while
pursuing the business objectives of their employer.

### FURTHER DISCOVERY and CLAIMS

19.    That Plaintiff, upon information and belief, alleges that through the discovery
process additional instances of violations of the FDCPA and/or other statutes will be
revealed, and that Plaintiff reserves the right to amend this complaint upon receipt of
discovery responses, including activities that might include and evince a wrongful,
malicious and/or reckless disregard for the rights of third persons

### WILLFUL VIOLATION

20.    Defendant, acting through its agents and employees, willfully and knowingly
acted in wrongful contravention of the laws and statutes of the United States and the
State of Minnesota, causing Plaintiff general damages, pain and suffering in the form
of aggravation, insult and stress and distress and embarrassment from harassing
activities specified above, and defendant is liable to Plaintiff therefore.

 **WHEREFORE,** Plaintiff Perlita C. Maerina prays for Judgment against defendant Asset
Acceptance, LLC as follows:

(a)    For Declaratory Relief finding defendant in violation of the FDCPA as set
forth in **Count 1**, together with statutory damages in the amount of $1,000.00
pursuant to 15 U.S.C. § 1692k(a)(2)(A) for violation of the FDCPA; Prejudgment
interest at the legal rate of interest; and Attorney fees and costs of action pursuant to
15 U.S.C. § 1692k(a)(3);

(b)    For Declaratory Relief finding defendant in violation of the California RFDCPA
as set forth in **Count 2**, and in violation of the Consent Decree, together with

statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code §

1788.30(b) for violation of Cal. Civ. Code § 1788.11(b) of the California FDCPA; and

additional statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code §

1788.30(b) for violation of of the California RFDCPA; all together with  Prejudgment

interest at the legal rate of interest; and Attorney's fees and costs of action pursuant

to Cal. Civ. Code § 1788.30(c);

(d)    For general damages for pain and suffering and for such other and further

relief as may be just and proper.

Date: _19 May 14_

Mitchell R. Hadler
Attorney for Perlita C. Maerina
MN 39172
222 Ninth Street South 1600
Minneapolis, Minnesota 55402
612.414.7361/651.222.4260

ACKNOWLEDGEMENT

The undersigned acknowledges that costs, disbursements, witness fees and attorney
fees may be awarded pursuant to Minn. Stat. § 529.211.

Mitchell R. Hadler